UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CONRAD LEVY, Individually and on          CIVIL ACTION NO. 6:16-cv-00043
Behalf of Others Similarly Situated

VERSUS                                    JUDGE DRELL

SCHLUMBERGER TECH CORP.                    MAGISTRATE JUDGE HANNA

<u>**REPORT  AND  RECOMMENDATION**</u>

Currently pending is the defendant's motion to dismiss collective claims or alternatively for partial summary judgment. (Rec. Doc. 21).  The motion was referred to the undersigned Magistrate Judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. (Rec. Doc. 66).  The motion is opposed.  Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, this Court recommends that the motion be construed as a motion for partial summary judgment and granted.

<u>**BACKGROUND**</u>

Conrad Levy, the plaintiff in this lawsuit, was formerly employed by Smith International, Inc.[1] in Lafayette, Louisiana.  Smith is an oilfield service company, and

---

[1]     In this lawsuit, Mr. Levy sued Schlumberger Tech Corp.  Smith International, Inc. answered the complaint, alleging that it was incorrectly identified in the complaint as Schlumberger Technology Corporation.  Therefore, in this report and recommendation, the plaintiff's former employer, which is the defendant in this lawsuit, will be referred to as "Smith."

Mr. Levy alleged that he worked as a completion specialist for Smith.  He further alleged that he and other workers in the same and similar positions were not paid time and a half for the hours that they worked in excess of forty hours per week, in violation of the Fair Labor Standards Act ("FLSA.").  (Rec. Doc. 1 at 5).  He filed his suit as a collective action, on his own behalf and also on behalf of other similarly-situated employees of Smith.  (Rec. Doc. 1 at 1).

When Smith decided to close its Lafayette location, Mr. Levy was offered the opportunity to transfer to another location, with relocation benefits.  Mr. Levy declined that offer.  Smith then offered him a severance package in exchange for his signature on a waiver and release form and encouraged him to seek legal advice before signing it.  On October 7, 2013, Mr. Levy signed the "Waiver and Release" document, and he was paid the sum of "$1,936.00, less lawful deductions."  (Rec. Doc. 21-2 at 2).  Thereafter, in January 2016, Mr. Levy filed his complaint.

The waiver document states that Mr. Levy was paid the aforementioned sum "[p]ursuant to and subject to the terms and conditions of the Schlumberger Technology Corporation Severance Plan ('the Plan')".  (Rec. Doc. 21-2 at 3).  The waiver document also states that "[t]his Waiver and Release and the Plan sets [sic] forth the entire agreement between the parties hereto."  (Rec. Doc. 21-2 at 6).  The plaintiff argued, in his opposition brief, that production of the Plan was necessary to

-2-

the resolution of the issue of the waiver document's enforceability.  This Court required the Plan to be produced and afforded the plaintiff an opportunity to supplement its briefing.  (Rec. Doc. 67).  The plaintiff filed a supplemental brief. (Rec. Doc.69).  The defendant then requested leave of court to respond to the plaintiff's supplemental brief, and leave was granted.  (Rec. Doc. 75).

The waiver document states that Mr. Levy

> knowingly and voluntarily releases and forever discharges [Smith]. . . of and from any and all claims, known and unknown, which [Mr. Levy] has or may have against [Smith] as of the date of execution of this Waiver and Release, including, but not limited to, any alleged violation of [a list of federal and state statutes not including the FLSA]. . . [and] any other federal, state or local civil or human rights law or other local, state or federal law, regulation or ordinance. . . .

The next paragraph then reads as follows:

> If any claim is not subject to release, to the extent permitted by law, [Mr. Levy] waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which [Smith] is a party.

In its motion, Smith does not contend that Mr. Levy waived his right to assert a claim under the FLSA; instead, Smith contends that Mr. Levy waived his right to be a class or collective action representative or otherwise to participate in any class or collective action against Smith.  (Rec. Doc. 21 at 1).  Based on the cited contractual language, Smith seeks dismissal of the collective action claims asserted

in Mr. Levy's complaint.  Mr. Levy contends that the waiver and release document is not enforceable.

## LAW AND ANALYSIS

## I.   THE MOTION TO DISMISS

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[2]  To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[3]  The allegations must be sufficient "to raise a right to relief above the speculative level,"[4] and the pleading must contain more than a statement of facts that merely creates a suspicion a legally cognizable right of action.[5]  "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

---

[2]      *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[3]      *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).

[4]      *Bell Atlantic v. Twombly,* 550 U.S. at 555.

[5]      *Bell Atlantic v. Twombly,* 550 U.S. at 555, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).

do."[6]  If the plaintiff fails to allege facts sufficient to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[7]   Rule 12(b)(6) motions to dismiss are viewed with disfavor and rarely granted.[8]

When considering a Rule 12(b)(6) motion, a district court is generally required to limit itself to the contents of the pleadings, including any attachments thereto.[9] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[10]  Conclusory allegations and unwarranted deductions of fact are not accepted as true,[11] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[12]

---

[6]    *Bell Atlantic v. Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7]    *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[8]    *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[9]    *Collins v. Morgan Stanley Dean Witter*, 224 F.3d at 498.

[10]    *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[11]    *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[12]    *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555, quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

When considering a Rule 12(b)(6) motion, a court has complete discretion to consider documents other than the complaint[13] if those documents are attached to the motion, referenced in the complaint, and central to the plaintiff's claims.[14]  If a court considers materials outside of the pleadings, however, the motion to dismiss must be treated as a motion for summary judgment,[15] and the nonmovant must be afforded the procedural safeguards of Fed. R. Civ. P. 56.[16]  If the court does not rely on materials beyond the complaint, however, it need not convert a motion to dismiss into one for summary judgment since the parties' submission of extraneous materials does not automatically convert a Rule 12(b)(6) motion into a motion for summary judgment.[17]

In this case, the defendant submitted evidence in support of the pending motion that was neither referred to in the complaint nor attached to the complaint, i.e, the waiver and release agreement that was signed by Mr. Levy.  The defendant's entire argument rests upon the effect of that document, and this Court finds the additional

---

[13]     *Isquith for and on behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988); *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 414-15 (5th Cir. 1980).

[14]     *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Collins v. Morgan Stanley*, 224 F.3d at 498–99.

[15]     Fed. R. Civ. P. 12(d).

[16]     *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283 (5th Cir. 1993); *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990).

[17]     *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275 (5th Cir. 2015); *Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5th Cir. 1995).

-6-

evidence submitted by the defendant to be particularly important to the resolution of the issue presented in the motion.  The defendant styled its motion as a motion to dismiss or an alternative motion for partial summary judgment.  Accordingly, the motion will be considered to be a motion for partial summary judgment under Fed. R. Civ. P. 56 rather than a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

## II.   THE STANDARD FOR RESOLVING A MOTION FOR SUMMARY JUDGMENT

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[18]  A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[19]

The party seeking summary judgment must initially inform the court of the basis for its motion and identify those parts of the record that demonstrate the absence

---

[18]   *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex*., 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir. 2000).

[19]   *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. at 252; *Hamilton v. Segue Software, Inc*., 232 F.3d at 477.

of genuine issues of material fact.[20]  If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[21]  All facts and inferences are construed in the light most favorable to the nonmoving party.[22]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[23]  The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[24]

## III.   SUFFICIENT DISCOVERY HAS BEEN CONDUCTED

In response to the pending motion, the plaintiff argued that discovery was necessary in order to determine whether the waiver agreement was enforceable, particularly because Smith's severance plan had not yet been produced to the

---

[20]      *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[21]      *Washburn v. Harvey*, 504 F.3d at 508.

[22]      *Brumfield v. Hollins*, 551 F.3d at 326, citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

[23]      *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325.

[24]      *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

plaintiff.  This Court deferred ruling on the motion, ordered the defendant to produce the plan, and ordered the plaintiff to file a supplemental brief if necessary.  (Rec. Doc. 67).  In his supplemental brief (Rec. Doc. 69), the plaintiff argued that, despite this Court's order, Smith had failed to produce essential documents, i.e., the Program of Severance Benefits and the form waiver and release, both of which the plaintiff claims were referenced in the documents that were produced.

Smith took issue with the plaintiff's argument, and presented evidence establishing that a complete copy of the severance plan was produced, including a copy of the Program of Severance Benefits.  Smith also argued that the severance plan does not reference a form waiver and release, and this Court's review of the documents mandates the same conclusion.  Although evidence and arguments presented for the first time in a reply brief are usually not considered,[25] it would be inequitable to preclude from consideration the evidence and arguments that Smith presented in its response to the plaintiff's submission, which was requested by the Court following the completion of briefing on Smith's motion.

Accordingly, this Court finds that Smith complied with the order and produced a complete copy of its severance plan.  This Court further finds that no additional

---

[25]     *AAR, Inc. v. Nunez*, 408 Fed. App'x 828, 830 (5th Cir. 2011).

discovery is necessary for resolution of the issue presented in the motion now before this Court.

## IV.   CONSIDERATION FOR THE WAIVER

The plaintiff argues that the waiver agreement is not enforceable because the payment of severance benefits was impermissible past consideration for the waiver of Mr. Levy's rights, contending that the plan documents do not "articulate that an aspect of severance is consideration for the waiver and release of any FLSA derivative benefits, including the right to proceed collectively in the prosecution of a wage claim." (Rec. Doc. 69 at 2).  To the contrary, however, the plan states that, in order to receive severance benefits, an employee must execute the waiver agreement and not revoke it within seven days of signing it. (Rec. Doc. 72-4 at 3). Black's Law Dictionary defines the term "consideration" to mean "[s]omething. . . bargained for and received by a promisor from a promisee. . . ." This Court finds that execution of the waiver agreement was necessary for an employee such as Mr. Levy to meet the eligibility requirements for receiving severance benefits, finds that waiver of the rights listed in the agreement was part of the consideration for the payment of severance benefits, and finds that the execution of the waiver agreement and the payment of the severance benefits were sufficiently contemporary to refute the

argument concerning past consideration.  Accordingly, the plaintiff's argument lacks merit.

## V.   THE WAIVER PROVISION IS ENFORCEABLE

The general rule is that a worker cannot waive his right to bring an FLSA claim seeking to recover overtime pay.[26]  However, the Fifth Circuit has held that the right "to proceed collectively" is not a substantive right; therefore, it can be waived.[27]  This Court interprets this to mean that neither the right to act as a class representative in a collective action nor the right to participate in a collective action is a substantive right.  The plaintiff has not established any other impediment to the enforceability of the waiver agreement.  Accordingly, this Court finds that the portion of the agreement stating that Mr. Levy "waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on [any alleged violation of federal law] in which Company is a party" is valid and enforceable.

---

[26]     *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 740 (1981) ("an individual employee's right to a minimum wage and to overtime pay. . . cannot be abridged by contract or otherwise waived"); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945); *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 163 (5th Cir. 2015) ("the Supreme Court has concluded that the FLSA forbids waiver of the right to statutory wages or to liquidated damages."); *Allen v. Atlantic Richfield Co.*, 724 F.2d 1131, 1135 (5th Cir. 1984).

[27]     *Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294, 298 (5th Cir. 2004), citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991).  In *Carter*, the court said: "we reject the Carter Appellants' claim that their inability to proceed collectively deprives them of substantive rights available under the FLSA."

## VI.   TIMELINESS OF THE WAIVER ISSUE

This Court was unable to locate a Fifth Circuit decision addressing whether it is appropriate to resolve the issue of whether an employee waived the right to assert his FLSA claims in a collective action at the first or second step of the *Lusardi* framework for FLSA proceedings.  Some courts in the circuit have concluded that issues such as whether an FLSA claim should be arbitrated rather than resolved judicially and whether an FLSA claimant waived his FLSA rights are merits-based inquiries that should be reserved for the second or decertification stage, which occurs after discovery has been completed.[28]  In *Reyna v. International Bank of Commerce*, however, the Fifth Circuit very recently held that whether an arbitration agreement applies to an FLSA claim is a threshold issue that should be decided before conditional certification of a plaintiff class.[29]

The pending motion was originally styled as an alternative motion to dismiss or for partial summary judgment, and this Court decided to construe the motion as one for partial summary judgment so that relevant documents other than the

---

[28]     See, e.g., *Green v. Plantation of Louisiana, LLC*, No. 2:10-0364, 2010 WL 5256348, *1 (W.D. La. Dec. 15, 2010 ); *Kuperman v. ICF Internat'l*, No. 08-565, 2008 WL 4809167, at *8 (E.D. La. Nov. 3, 2008); *Ali v. Sugarland Petroleum*, No. 4:09-cv-0170, 2009 WL 5173508, at *4 (S.D. Tex. Dec. 22, 2009).  See, also, e.g., *Roebuck v. Hudson Valley Farms, Inc.*, 239 F.Supp.2d 234, 240 (N.D. N.Y. 2002).

[29]     *Reyna v. International Bank of Commerce*, No. 16-40057, 2016 WL 5799283 (5th Cir. Oct. 4, 2016).

complaint could be considered.  Construing the motion as a motion for partial summary judgment also places before the court the merits of the defendant's contention that the waiver agreement is enforceable and should be enforced in order to eliminate the collective action allegations of the plaintiff's complaint.  Therefore, this matter is no longer in the posture it occupied when this Court previously issued its ruling conditionally certifying a plaintiff class.  (Rec. Doc. 58).

Given the current posture of the litigation, this Court finds, based on the *Reyna* decision, that whether the purported representative of a class of collective action plaintiffs waived his right to participate in a collective action or to act as a collective class representative is a threshold issue that should be resolved early in the litigation. Furthermore, this Court finds that there is no genuine dispute as to any material fact concerning the enforceability of the waiver agreement, and Smith is entitled to judgment as a matter of law in its favor with regard to that issue.  Accordingly, this Court will recommend that the pending motion be granted.

## CONCLUSION

Having concluded that the pending motion should be construed as a motion for partial summary judgment rather than as a motion to dismiss, having concluded that the waiver agreement signed by Mr. Levy is valid and enforceable, and having concluded that whether Mr. Levy waived his rights to participate in this collective

action as a class representative or otherwise is an issue that should be decided at this time, this Court now concludes that Mr. Levy waived his right to act as a collective class representative as well as his right to have his FLSA claim proceed as a collective action.   Accordingly, this Court recommends that Smith's motion for partial summary judgment requesting dismissal of the plaintiff's collective action allegations and claims (Rec. Doc. 21) should be granted, and this matter should proceed as an action brought solely by Mr. Levy.   Furthermore, this Court recommends that its ruling of September 23, 2016 (Rec. Doc. 58), which conditionally certified a plaintiff class in this lawsuit, should be vacated; recommends that the defendant's appeal thereof (Rec. Doc. 62) should be denied as moot; recommends that the defendant's motion to stay deadlines (Rec. Doc. 59) should be denied as moot; recommends that the defendant's motion for expedited consideration (Rec. Doc. 60) should be denied as moot; and recommends that the defendant's motion for leave to file an amended memorandum (Rec. Doc. 61) should be denied as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after

-14-

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on November 2, 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE